STATE OF CONNECTICUT *v.* RAFAEL WALKER
(AC 24581)

Dranginis, Flynn and Stoughton, Js.

Argued October 21, 2004—officially released February 1, 2005

*Louis S. Avitabile*, special public defender, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Terence Mariani*, assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Rafael Walker, was charged in a three count substitute information with the crimes of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1),[1] attempt to commit robbery in the first degree in violation of General Stat-

---

[1] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument . . . ."

utes §§ 53a-49[2] and 53a-134 (a) (2)[3] and criminal possession of a firearm in violation of General Statutes § 53a-217. He elected a jury trial on the first two counts and a trial to the court on the third count. The jury found the defendant guilty of burglary in the first degree but not guilty of attempt to commit robbery in the first degree. The court convicted him of criminal possession of a firearm. Before a sentence was imposed, the defen-

[2] General Statutes § 53a-49 provides: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

"(b) Conduct shall not be held to constitute a substantial step under subdivision (2) of subsection (a) of this section unless it is strongly corroborative of the actor's criminal purpose. Without negating the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law: (1) Lying in wait, searching for or following the contemplated victim of the crime; (2) enticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission; (3) reconnoitering the place contemplated for the commission of the crime; (4) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed; (5) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances; (6) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances; (7) soliciting an innocent agent to engage in conduct constituting an element of the crime.

"(c) When the actor's conduct would otherwise constitute an attempt under subsection (a) of this section, it shall be a defense that he abandoned his effort to commit the crime or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose."

[3] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

dant filed a motion in arrest of judgment, claiming that the jury's verdict was logically and legally inconsistent, and that the trial court should not have accepted it. That motion was denied and a sentence was imposed. The defendant has appealed from the burglary conviction, claiming that it is legally and logically inconsistent with his acquittal of attempt to commit robbery in the first degree. We affirm the judgment of the trial court.

The jury reasonably could have found from the evidence presented at the trial that, on December 14, 2001, the defendant went to Angel Velez's apartment at 937 South Main Street in Waterbury seeking drugs. He forced Velez at gunpoint to back through the door into Velez' apartment, held Velez and another occupant at gunpoint and demanded money. Velez, even though he was frightened, managed to calm the defendant and to give him two needles of heroin. A number of police officers responded to an emergency call, arrested the defendant as he exited Velez's apartment and recovered the defendant's operable, fully loaded handgun. The defendant testified that he is a heroin addict, that he had gone to the area to buy drugs and that he had not attempted to rob anybody.

"[W]here the inconsistent verdicts claim involves a simultaneous conviction and acquittal on different offenses, the court, in testing the verdict of guilty for inconsistency as a matter of law, is necessarily limited to an examination of the offense charged . . . and the verdict rendered thereon without regard to what evidence the jury had for consideration. . . . If the offenses charged contain different elements, then a conviction of one offense is not inconsistent . . . with an acquittal of the other." (Citations omitted; internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 244, 745 A.2d 800 (2000). The burglary charge required proof that the defendant entered unlawfully into a building, a requirement not found in the attempt to commit

robbery charge. The attempt to commit robbery charge required proof that the defendant, acting with the intent to commit a robbery, did something which constituted a substantial step in a course of conduct planned to culminate in a robbery, a requirement not found in the burglary charge. The guilty verdict thus was not legally inconsistent with the acquittal.

In this case, the state conceded and the court charged the jury that the crime the defendant allegedly intended to commit when he unlawfully entered the building was robbery. The defendant claims that, as charged, attempt to commit robbery in the first degree constituted a lesser included offense of burglary in the first degree, and that it was legally inconsistent to convict him of the greater offense while acquitting him of the lesser included offense.

The test used to determine whether one crime is a lesser included offense of another crime is "whether it is not possible to commit the greater offense, in the manner described in the information . . . without having first committed the lesser . . . . This . . . test is satisfied if the lesser offense does not require any element which is not needed to commit the greater offense." (Citation omitted; internal quotation marks omitted.) *State* v. *Greco*, 216 Conn. 282, 292, 579 A.2d 84 (1990).

The defendant claims that the elements of attempt to commit robbery in the first degree with a deadly weapon are all contained within the charge of burglary in the first degree while armed with a deadly weapon with intent to commit a robbery. This claim rests upon the assertion that being armed with a deadly weapon with intent to commit robbery is essentially the same as attempting to commit robbery with a deadly weapon.

General Statutes § 53a-49 (a) (2) provides in relevant part that "[a] person is guilty of an attempt to commit

a crime if [he] . . . intentionally does [an act] . . . constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." Thus, the state was required to prove that the defendant had acted in a way constituting a substantial step toward commission of the robbery, an element not needed to prove the burglary. The defendant maintains, however, that by virtue of § 53a-49 (b) (4) and (5), this element is contained within the burglary charge as a matter of law. His claim is that to prove the burglary as charged, it was necessary to prove an unlawful entry with intent to commit robbery while armed. He asserts that as a matter of law, an unlawful entry while armed constituted a substantial step toward the attempted robbery, and that attempt to commit robbery therefore was a lesser included offense of burglary in the first degree as charged. This assertion derives from the defendant's reading of § 53a-49 (b).

Section 53a-49 (b) provides in relevant part that "[c]onduct shall not be held to constitute a substantial step under subdivision (2) of subsection (a) . . . unless it is strongly corroborative of the actor's criminal purpose. . . ." Pursuant to subdivisions (4) and (5) of § 53a-49 (b), "unlawful entry of a structure . . . in which it is contemplated that the crime will be committed" and "possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances," if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law to constitute a substantial step.

The defendant turns § 53a-49 (b) on its head to assert that either unlawful entry of a structure in which it is contemplated that a crime will be committed, or the possession of materials to be employed in commission of a crime is sufficient as a matter of law to constitute

a substantial step toward commission of a crime. We reject this interpretation of the statute. If the defendant's argument were correct, the establishment of either of these elements would require a finding of guilty of a charge of attempt to commit robbery in the first degree. What constitutes a substantial step in any given case is a matter of degree and a question for the trier of fact. *State* v. *Lavigne*, 57 Conn. App. 463, 469, 749 A.2d 83 (2000).

We agree with the trial court that the jury might have concluded that the defendant, armed with a dangerous instrument, entered the apartment unlawfully with the intent to commit a robbery therein, but once inside the apartment, he did not do anything which constituted a substantial step in a course of conduct planned to culminate in a robbery or he abandoned his attempt. The jury might have concluded, however, that the defendant did intend to commit a robbery when he unlawfully entered the apartment armed with a dangerous instrument and, therefore, did commit burglary in the first degree.

The judgment is affirmed.

In this opinion the other judges concurred.